# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN

LLOYD N. JOHNSON,

        Plaintiff,

     v.

DR. MINDAS V. SILIUNAS; DR. LARRY SPRUNG; DR. A.
KHAZE; DR. SARAH COLEMAN; R.N. KAREN RIMMER;      Case No:
R.N. JOY PRIES; DR. THOMAS HARDING; DAVID
MACHEREY; R.N. ANGELA NYERHAUS; DR. SYED
WALIUDDIN; R.N. REMEDICS AZECUTA; R.N.
JEANETTE BURNS; R.N. LAURIE ROSSING; R.N.
ANGELLA DRYER; R.N. J. CHIAPUTO; R.N. WILIK; R.N.
PAONELAEGER; R.N. J. KADRIDGE; R.N. J. ROBERTS;
DR. TONY THRASHER; DR. CHRISTOPHER OVIDE;
SUE ERATO; JAMES TIETJEN; CHRIS ABELE, HECTOR
COLON, PATRICIA SCHROEDER, JOHN DOE 1, JOHN
DOE 2, JOHN DOE 3, JOHN DOE 4,
JOHN DOE 5, JOHN DOE 6,

    and,

MILWAUKEE COUNTY MENTAL HEALTH COMPLEX
9455 W. Watertown Plank Road
Milwaukee, WI 53226,

    and,

MILWAUKEE DEPARTMENT OF HEALTH AND
HUMAN SERVICES
9455 W. Watertown Plank Road
Milwaukee, WI 53226,

    and,

MILWAUKEE COUNTY, a municipal corporation
901 N. 9th Street, Room 306
 Milwaukee, WI 53223,
and,
ABC INSURANCE COMPANY,

        Defendants.

---

## COMPLAINT

---

       NOW COMES the above named Plaintiff, Lloyd Johnson, by his attorneys, **JUDGE LANG &**

**KATERS, LLC.**, and as for his claims for relief against the above named Defendants, allege and show

the Court as follows:

# I. INTRODUCTION

1.     This case involves the Milwaukee County Department of Health and Human Services' ("DHHS") and the Milwaukee County Mental Health Complex ("MCMH"), along with the individually named Defendants' methods of infringing on and violating the Constitutional rights of Lloyd Johnson ("Johnson") which was a substantial cause of his injuries.  Johnson was subjected to unconstitutionally inadequate health care which involved the wanton and unnecessary infliction of pain, mental anguish and his substantial injuries.  Johnson, a male, formerly housed at MCMH severed his own penis on March 18, 2012, despite repeated notifications by Johnson to MCMH staff that he was going to cut off his penis.  Johnson's mental condition was visibly deteriorating, but the Defendants ignored and were deliberately indifferent to these changes in Johnson's mental condition and his ultimate well-being and life, both on the date of his injuries and over a period of time where his mental condition was noted by medical staff to be deteriorating, but the one-to-one safety directive was removed and a **surgical scissors** was left in Johnson's room by the staff at MCMH which allowed Johnson to injure himself.

2.     At the time of Johnson's injuries, the MCMH had a policy, whereby the treatment team would have a team meeting before a one-to-one could be removed from a patient and there must be a three (3) day period of a patient's ability to not self-harm oneself would have to be evident to the medical professional before a one-to-one could be removed from a patient.

3.     Plaintiff brings this corrective action pursuant to Title 42 of the United States Code, Sections 1983 & 1985 for violations of Johnson's Fourteenth Amendment rights under the United States Constitution, the Wisconsin Constitution and Wisconsin Statutory Law.

# II. JURISDICTION

4.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the Constitution and Laws of the United States, and pursuant to 28 U.S.C. §

1343(a)(3) because this action seeks to redress the deprivation, under color of state law, of Johnson's civil rights. This Court also has concurrent jurisdiction over the Plaintiff's State Law Claims.

### III. VENUE

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because most Defendants reside in this district and because a substantial part of the events and omissions giving rise to the Plaintiff's claims occurred in the district.

### IV. THE PARTIES

7. The Plaintiff, Lloyd Johnson, is an adult citizen of the United States and a resident of the State of Wisconsin who was given access to a surgical scissors left in his room allowing him to cause injury to himself, while in the care, control and custody of DHHS at MCMH located in Milwaukee, Wisconsin 53226, on March 18, 2012.

8. Defendant Dr. Mindas V. Siliunas is an adult citizen of the United States and a resident of the State of Wisconsin, who at all times material hereto, was employed as a Medical Doctor by Milwaukee County at the Milwaukee County Mental Health Complex, and at all times material hereto was responsible for the health, safekeeping and welfare of Lloyd Johnson. Dr. Siliunas was Johnson's treating physician on March 18, 2012, and on the dates prior Johnson's admission on March 8, 2012.

9. Defendant Dr. Larry Sprung is an adult citizen of the United States and a resident of the State of Wisconsin, who at all times material hereto, was employed as a Medical Doctor by Milwaukee County at the Milwaukee County Mental Health Complex, and at all times material hereto was responsible for the health, safekeeping and welfare of Lloyd Johnson. Dr. Sprung was Johnson's admitting physician on March 9, 2012.

10. Defendant R.N. Karen Rimmer is an adult citizen of the United States and a resident of the State of Wisconsin, who at all times material hereto was employed as a Registered Nurse by

Milwaukee County at the Milwaukee County Mental Health Complex, and at all times material hereto was responsible for the health, safekeeping and welfare of Lloyd Johnson.

11.     Defendant R.N. Joy Pries is an adult citizen of the United States and a resident of the State of Wisconsin, who at all times material hereto was employed as a Registered Nurse by Milwaukee County at the Milwaukee County Mental Health Complex, and at all times material hereto was responsible for the health, safekeeping and welfare of Lloyd Johnson. Pries was Johnson's triage nurse and undertook the initial nursing assessment concerning Johnson on March 8, 2012.

12.     Defendant David J. Macherey is an adult citizen of the United States and a resident of the State of Wisconsin, who at all times was employed as a Psychologist by Milwaukee County at the Milwaukee County Mental Health Complex, and at all times material hereto was responsible for the health, safekeeping and welfare of Lloyd Johnson. Macherey was the Psychologist responsible for Johnson on March 18, 2012 and the days preceding March 18, 2012. Macherey took Johnson off one-to-one supervision on March 16, 2012. Macherey signs his name as follows:



13.     Defendant R.N. Angela Nyerhaus (sic) is an adult citizen of the United States and a resident of the State of Wisconsin, who at all times material hereto was employed as a Registered Nurse by Milwaukee County at the Milwaukee County Mental Health Complex, and at all times material hereto was responsible for the health, safekeeping and welfare of Lloyd Johnson. Nyerhaus was Johnson's triage nurse, and was one of the Registered Nurses assigned to Unit 43A on March 18, 2012 and was responsible for the health, safekeeping and welfare of Johnson. Nyerhaus signs her name as follows:



14.     Defendant Dr. Syed Waliuddin (sic) is an adult citizen of the United States and a resident of the State of Wisconsin, who at all times material hereto was employed as a Medical Doctor by Milwaukee County at the Milwaukee County Mental Health Complex, and at all times material hereto was responsible for the health, safekeeping and welfare of Lloyd Johnson.  Dr. Waliuddin was one of the Medical Doctors assigned to Unit 43A on March 18, 2012 and was responsible for the health, safekeeping and welfare of Johnson.  Waliuddin signs his name as follows:



15.     Defendant R.N. Remedics P. Azecuta (sic) is an adult citizen of the United States and a resident of the State of Wisconsin, who at all times material hereto was employed as a Registered Nurse by Milwaukee County at the Milwaukee County Mental Health Complex, and at all times material hereto was responsible for the health, safekeeping and welfare of Lloyd Johnson.  Azecuta was one of the Registered Nurses assigned to Unit 43A on March 18, 2012 and was responsible for the health, safekeeping and welfare of Johnson.  Azecuta signs her name as follows:

Signature

16.     Defendant Dr. Thomas Harding (sic) is an adult citizen of the United States and a resident of the State of Wisconsin, who at all times material hereto was employed as the Internal Medical Director by Milwaukee County at the Milwaukee County Mental Health Complex, and at all times material hereto was responsible for the health, safekeeping and welfare of Lloyd Johnson.  Dr. Harding was one of the Medical Doctors assigned to Unit 43A on March 18, 2012 and was responsible for the health, safekeeping and welfare of Johnson.

17.     Defendant Dr. Sarah Coleman (sic) is an adult citizen of the United States and a resident of the State of Wisconsin, who at all times material hereto was employed as a Treatment Director by Milwaukee County at the Milwaukee County Mental Health Complex, and at all times material hereto was responsible for the health, safekeeping and welfare of Lloyd Johnson.  Dr. Coleman was one of the Medical Doctors assigned to Unit 43A on March 18, 2012 and was responsible for the health, safekeeping and welfare of Johnson.

18.     Defendant R.N. Jeanette Burns (sic) is an adult citizen of the United States and a resident of the State of Wisconsin, who at all times material hereto was employed as a Registered Nurse by Milwaukee County at the Milwaukee County Mental Health Complex, and at all times material hereto was responsible for the health, safekeeping and welfare of Lloyd Johnson.  Burns was one of the Registered Nurses assigned to Unit 43A on March 18, 2012 and was responsible for the health, safekeeping and welfare of Johnson.

19.     Defendant R.N. Laurie Rossing (sic) is an adult citizen of the United States and a resident of the State of Wisconsin, who at all times material hereto was employed as a Registered Nurse by Milwaukee County at the Milwaukee County Mental Health Complex, and at all times material hereto was responsible for the health, safekeeping and welfare of Lloyd Johnson.  Rossing was one of the Registered Nurses assigned to Unit 43A on March 18, 2012 and was responsible for the health, safekeeping and welfare of Johnson.

20. Defendant R.N. Angella Dryer (sic) is an adult citizen of the United States and a resident of the State of Wisconsin, who at all times material hereto was employed as a Registered Nurse by Milwaukee County at the Milwaukee County Mental Health Complex, and at all times material hereto was responsible for the health, safekeeping and welfare of Lloyd Johnson. Dryer was one of the Registered Nurses assigned to Unit 43A on March 18, 2012 and was responsible for the health, safekeeping and welfare of Johnson.

21. Defendant R.N. J. Chiaputo (sic) is an adult citizen of the United States and a resident of the State of Wisconsin, who at all times material hereto was employed as a Registered Nurse by Milwaukee County at the Milwaukee County Mental Health Complex, and at all times material hereto was responsible for the health, safekeeping and welfare of Lloyd Johnson. Chiaputo was one of the Registered Nurses assigned to Unit 43A on March 18, 2012 and was responsible for the health, safekeeping and welfare of Johnson. Chiaputo signs her name as follows:



22. Defendant R.N. Wilik (sic) is an adult citizen of the United States and a resident of the State of Wisconsin, who at all times material hereto was employed as a Registered Nurse by Milwaukee County at the Milwaukee County Mental Health Complex, and at all times material hereto was responsible for the health, safekeeping and welfare of Lloyd Johnson. Wilik was one of the Registered Nurses assigned to Unit 43A on March 18, 2012 and was responsible for the health, safekeeping and welfare of Lloyd Johnson. Wilik signs her name as follows:

23.     Defendant R.N. Paonelaeger (sic) is an adult citizen of the United States and a resident of the State of Wisconsin, who at all times material hereto was employed as a Registered Nurse by Milwaukee County at the Milwaukee County Mental Health Complex, and at all times material hereto was responsible for the health, safekeeping and welfare of Lloyd Johnson.  Paonelaeger was one of the Registered Nurses assigned to Unit 43A on March 18, 2012 and was responsible for the health, safekeeping and welfare of Johnson.  Paonelaeger signs her name as follows:



24.     Defendant R.N. J. Kadridge (sic) is an adult citizen of the United States and a resident of the State of Wisconsin, who at all times material hereto was employed as a Registered Nurse by Milwaukee County at the Milwaukee County Mental Health Complex, and at all times material hereto was responsible for the health, safekeeping and welfare of Lloyd Johnson.  Kadridge was one of the Registered Nurses assigned to Unit 43A on March 18, 2012 and was responsible for the health, safekeeping and welfare of Johnson.  Kadridge signs her name as follows:



25.     Defendant R.N. J. Roberts (sic) is an adult citizen of the United States and a resident of the State of Wisconsin, who at all times material hereto was employed as a Registered Nurse by Milwaukee County at the Milwaukee County Mental Health Complex, and at all times material hereto was responsible for the health, safekeeping and welfare of Lloyd Johnson.  Roberts was one of the

Registered Nurses assigned to Unit 43A on March 18, 2012 and was responsible for the health, safekeeping and welfare of Johnson. Roberts signs her name as follows:



26.     Defendant Dr. Tony Thrasher (sic) is an adult citizen of the United States and a resident of the State of Wisconsin, who at all times material hereto was employed as a Medical Doctor by Milwaukee County at the Milwaukee County Mental Health Complex, and at all times material hereto was responsible for the health, safekeeping and welfare of Lloyd Johnson. Dr. Thrasher was one of the Medical Doctors assigned to Unit 43A on March 18, 2012 and was responsible for the health, safekeeping and welfare of Johnson.

27.     Defendant Dr. Abdul Khaze (sic) is an adult citizen of the United States and a resident of the State of Wisconsin, who at all times material hereto was employed as a Medical Doctor by Milwaukee County at the Milwaukee County Mental Health Complex, and at all times material hereto was responsible for the health, safekeeping and welfare of Lloyd Johnson. Dr. Khaze was one of the Medical Doctors assigned to Unit 43A on March 18, 2012 and was responsible for the health, safekeeping and welfare of Johnson.

28.     Defendant Dr. Christopher Ovide (sic) is an adult citizen of the United States and a resident of the State of Wisconsin, who at all times material hereto was employed as a Medical Doctor by Milwaukee County at the Milwaukee County Mental Health Complex, and at all times material hereto was responsible for the health, safekeeping and welfare of Lloyd Johnson. Dr. Ovide was one of the Medical Doctors assigned to Unit 43A on March 18, 2012 and was responsible for the health, safekeeping and welfare of Johnson.

29.     Defendant Sue Erato (sic) is an adult citizen of the United States and a resident of the State of Wisconsin, who at all times material hereto was employed as a Registered Occupational Therapist by Milwaukee County at the Milwaukee County Mental Health Complex, and at all times material hereto was responsible for the health, safekeeping and welfare of Lloyd Johnson. Erato was one of the Registered Occupational Therapists assigned to Unit 43A on March 18, 2012 and was responsible for the health, safekeeping and welfare of Johnson. Erato signs her name as follows:



30.     Defendant James Tietjen (sic) is an adult citizen of the United States and a resident of the State of Wisconsin, who at all times material hereto was employed as a Director of Operations by Milwaukee County at the Milwaukee County Mental Health Complex, and at all times material hereto was responsible for the health, safekeeping and welfare of Lloyd Johnson. Tietjen over saw the MCMH and its policies during the stay of Johnson.

31.     Defendant Chris Abele (sic) is an adult citizen of the United States and a resident of the State of Wisconsin, who at all times material hereto was employed as County Executive by Milwaukee County and had control and authority over the Milwaukee County Mental Health Complex, and at all times material hereto was responsible for the health, safekeeping and welfare of Lloyd Johnson. Abele over saw the MCMH and its policies during the stay of Johnson.

32.     Defendant Héctor Colón is an adult citizen of the United States and a resident of the State of Wisconsin, who at all times material hereto was employed as the Director of Health and Human Services by Milwaukee County and had control and authority over the Milwaukee County Mental Health Complex, and at all times material hereto was responsible for the health, safekeeping

and welfare of Lloyd Johnson. Defendant Colón over saw the MCMH and its policies during the stay of Johnson.

33.     Defendant Patricia Schroeder is an adult citizen of the United States and a resident of the State of Wisconsin, who at all times material hereto was employed as the Administrator of the Behavior Health Division of the Health and Human Services Department by Milwaukee County and had control and authority over the Milwaukee County Mental Health Complex, and at all times material hereto was responsible for the health, safekeeping and welfare of Lloyd Johnson. Defendant Schroeder over saw the MCMH and its policies during the stay of Johnson.

34.     Defendant John Doe 1, upon information and belief, is an adult citizen of the United States and a resident of the State of Wisconsin, who at all times material hereto was employed Milwaukee County at the Milwaukee County Mental Health Complex, and at all times material hereto was responsible for the health, safekeeping and welfare of Lloyd Johnson.  John Doe 1 signs his/her name as follows:

35.     Defendant John Doe 2, upon information and belief, is an adult citizen of the United States and a resident of the State of Wisconsin, who at all times material hereto was employed Milwaukee County at the Milwaukee County Mental Health Complex, and at all times material hereto was responsible for the health, safekeeping and welfare of Lloyd Johnson.  John Doe 2 signs his/her name as follows:



36.     Defendant John Doe 3, upon information and belief, is an adult citizen of the United States and a resident of the State of Wisconsin, who at all times material hereto was employed Milwaukee County at the Milwaukee County Mental Health Complex, and at all times material hereto was responsible for the health, safekeeping and welfare of Lloyd Johnson.  John Doe 3 signs his/her name as follows:



37.     Defendant John Doe 4, upon information and belief, is an adult citizen of the United States and a resident of the State of Wisconsin, who at all times material hereto was employed Milwaukee County at the Milwaukee County Mental Health Complex, and at all times material hereto was responsible for the health, safekeeping and welfare of Lloyd Johnson.  John Doe 4 signs his/her name as follows:



38.     Defendant John Doe 5, upon information and belief, is an adult citizen of the United States and a resident of the State of Wisconsin, who at all times material hereto was employed

Milwaukee County at the Milwaukee County Mental Health Complex, and at all times material hereto was responsible for the health, safekeeping and welfare of Lloyd Johnson. John Doe 5 signs his/her name as follows:



39.　　Defendant John Doe 6, upon information and belief, is an adult citizen of the United States and a resident of the State of Wisconsin, who at all times material hereto was employed Milwaukee County at the Milwaukee County Mental Health Complex, and at all times material hereto was responsible for the health, safekeeping and welfare of Lloyd Johnson. John Doe 6 signs his/her name as follows:



40.　　Defendant Milwaukee County Mental Health Complex ("MCMH") is a facility located at 9201 W. Watertown Plank Road, Milwaukee Wisconsin 53226 and is a health care provider organized and operated in this state and under the laws of the State of Wisconsin for the purposes of providing mental health services to patients by physicians and other mental health care providers in Milwaukee County, and is responsible for the acts of negligence of its employees and agents involved in health care services to patients treated therein. At all times relevant hereto, Defendant Milwaukee County Mental Health Complex was operated by the County of Milwaukee and was responsible for the health, safekeeping and welfare of Lloyd Johnson.

41.     Defendant Milwaukee County Department of Health and Human Services ("DHHS")
is a Milwaukee County Department responsible for providing a wide range of mental health and life-
saving services to children and adults of Milwaukee County with offices located at 1220 W. Vliet
Street, Milwaukee, Wisconsin 53205.  At all times relevant hereto, Defendant Milwaukee County
Department of Health and Human services was responsible for the health, safekeeping and welfare of
Lloyd Johnson.

42.     Defendant Milwaukee County, with offices of its executive at 901 N. 9th Street, Suite
306, Milwaukee, Wisconsin 53233, and offices of its Corporate Counsel, Paul Bargren, located at 901
N. 9th Street, Suite 303, Milwaukee, Wisconsin 53233.  At all times material hereto, Milwaukee County
was a Municipal Corporation organized under the laws of the State of Wisconsin and was at all times
responsible for training and supervising the employees of the Milwaukee County Mental Health
Complex and Milwaukee County Department of Health and Human Services, and for the
implementation and procedures of the Mental Health Complex and Department of Health and
Human Services.

43.     Defendant ABC Insurance Company (ABC) is a fictitiously name insurance
corporation or corporations, authorized to conduct business in the State of Wisconsin and is engaged
in the business of, among other things, issuing policies of insurance within the State of Wisconsin and
said address is unknown at this time; upon information and belief, prior to and including all relevant
times hereto, Defendant ABC issues a policy of liability insurance to Milwaukee County and all other
Defendants.  By the terms of said policy, ABC agreed to pay any and all sums for which Defendants
and/or employees and agents thereof might be held legally liable for injuries or damages caused by
Defendants and/or employees and agents thereof.  Upon information and belief, said policy was in
full force and effect during the occurrences hereinafter stated.  Pursuant to Wis. Stat. § 803.04, ABC
is a proper party to this action.

44.     All of the Defendants are sued in their individual and official capacities.  At all relevant times, all Defendants were acting under the color of state law; pursuant to their authority as officials, agents, contractors or employees of the County of Milwaukee; within the scope of their employment as representatives of public entities and were deliberately indifferent to the Constitutional and Statutory rights of Lloyd Johnson.

## V.     FACTS

45.     Plaintiff realleges and incorporates herein by reference the allegations of the preceding paragraphs.

46.     In July of 2011, Johnson twice presented to Milwaukee County Psychiatric Crisis Services.  Johnson was admitted with short stays and then returned home.

47.     On February 28, 2012, Johnson was admitted to the Observation Unit of the MCMH, stayed for two days, presented feelings of depression, suicidal ideations, delusions of guilt, shame, and other psychotic symptoms.

48.     On March 3, 2012, Johnson severed his testicles with a scissors.

49.     On March 8, 2012, Johnson was brought into MCMH, he was psychotic at the time and had severed his testicles with a sharp scissors and then had gone outside of the house and laid in the snow days earlier.

50.     On March 8, 2012, Johnson arrived at the MCMH and it was recorded that he, "cut-off testicles [with] scissors thought he would be able to breathe better."  This was recorded by physicians:

and



graph or Name and BHD Number

51.     On the Nursing Assessment Information Sheet dated March 8, 2012, Defendant R.N. Joy Pries recorded that Johnson was vulnerable.  Under **Alerts – Other Care Considerations – Date Identified 10/11/12,** Pries recorded, "Patient has a history of impulsive acts of self-harm including cutting off penis with scissors while inpatient at BHD."  Pries recommendation was, **"Needs to be careful for dangerous items.  Evaluate need for 1:1 monitoring to prevent serious self-harm."** Pries also noted that Johnson was a risk for Self-Mutilation.

52.     That when Johnson arrived from Froedert on March 8, 2012, Dr. Thrasher authored a memo, which stated, "Please place on one to one and in own room with I&O."

53.     The Milwaukee County Behavioral Health Division Face Sheet states that Johnson's admit date was March 9, 2012, and describes Johnson's diagnoses as unspecified psychosis.

54.     That on March 9, 2012, Social Worker, John Doe 1, whose signature is below, recorded, "[Patient] in today because he took a 5 [inch] scissors and mutilated his genitals.  [Patient] also cut off his earlobes."

55.     On March 9, 2012, Defendant Macherey met with Johnson and recorded, "[Patient] has given several explanations for his behavior to various people, all of which are **delusional. . . . [Patient] remains a significant risk for self harm."**

56.     On March 9, 2012, Johnson underwent a mental status examination where it was determined he was a high risk of self-harm to himself.  Said assessment was conducted by an individual, John Doe 2, who signs his name as:



57.     That on March 9, 2012, Johnson risk estimate for self-harm was high and Johnson was 1:1 observation at all times, order by an individual, John Doe 3, who signs his name as:



58.     That on March 10, 2012, R.N. Barnes noted the Johnson was given medications, **"for continued feelings of self-harm."**  Johnson showed R.N. Barnes his penis and R.N. Barnes reported that Johnson had a **"continued urge to mutilate himself."**

59.     That on March 11, 2012, R.N. Barnes directly asked Johnson if he still had an urge to remove his penis, and Johnson responded, "yes."

60.     That on March 12, 2012, MCMH staff recorded that Johnson was unable to consent to treatment because he was "unable to comprehend due to illness."  A MCMH staff member, John Doe 4, with the following signature, acknowledged this:



61.     On March 12, 2012, Johnson was examined by John Doe 5, whose signature appears below, who noted that Johnson was "hearing voices."



62.     On March 12, 2012, Johnson was examined by Defendant Macherey who recorded, "[Johnson] remains in need of 1:1 as recently as FRI(sic) he attempted to get ahold of a piece of metal and put this down his pants to 'finish the job."

63.     On March 13, 2012, Johnson was examined by Defendant Macherey, who recorded, "[Patient] continues to report intermittent thoughts of removing his genitals. . . . will [continue behavioral] 1:1 due to intermittent thoughts of self mutilation."

64.     That on March 14, 2012, Johnson was examined by Defendant Macherey, who recorded, "[Johnson] is still talking about 'finishing the job' a phrase he has been using to refer to his genetilia.  Will continue [Behavioral one on one] for this."

65.     On March 15, 2012, Defendant Macherey ordered that Johnson "[continue Behavioral 1:1] for self-mutilating behavior."

66.     On March 15, 2012, Defendant Macherey ordered, "[Discontinue Behavioral 1:1] for self-mutilating behavior, Patient appropriate."

67.     On March 15, 2012, Johnson was taken off one-to-one, observation despite not having three straight days of having thoughts of self-harm by John Doe 6, who signed their name as:



68.     That on March 18, 2012, after Johnson was taken off one-to-one checks, he was given access to a surgical scissors – a surgical scissors left in his room - at which time he severed his penis.

69.     That on March 18, 2012, while a patient at MCMH in 43A, Johnson "cut of his penis w/a bandage scissors." "[Johnson] stated he severed his penis [because] he feels badly about himself. He stated **he found the scissors in the bathroom and does not know its origin**."

70.     That on March 18, 2012, Defendant Waliuddin recorded, "Code 4 was called after [Johnson] walked up to the nursing desk ***returning*** the scissors."

71.     A Nurse Assessment Information Sheet indicated that on March 19, 2012, that Johnson had a history of self-injury, and had used Anton Moffett as an alias; it was recommended that staff "Be aware of history.  Place on 1:1 until evaluated by inpatient."  This information was entered by R.N. Joy Pries.  Defendants knew this information prior to March 18, 2012.

72.     A Nurse Assessment Information Sheet indicated that on March 19, 2012, "Johnson had a history of cutting his genitalia with a scissors."  Defendants were aware of this information prior to and on March 18, 2012.

73.     That when Johnson was returned to MCMH, from Froedtert Hospital on approximately March 18, 2012, he reported to staff that if not for the voices and the **availability of the scissors he would not have done it.**  Johnson explained that he could not remember most of the incident and staff determined that he was disassociated during the incident.  Johnson remained on one to one supervision until August 27, 2012, after his return to the MCMH.

## VI.     VIOLATIONS OF LAW

### COUNT I - UNCONSTITUTIONAL INADEQUATE MENTAL HEALTH CARE AND TREATMENT IN VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

74.     Plaintiff realleges and incorporates herein by reference the allegations of the preceding paragraphs.

75.     That Defendants' deliberate indifference to Johnson's serious medical and mental health condition and failure to provide adequate mental health care and failure to provide adequate medication control was a substantial cause of Johnson's avoidable pain, injuries and subsequent severing of his penis.

76.     That Defendants' policies, practices, procedures, customs, acts, and/or omissions evidence and constitute deliberate indifference to the serious mental health care needs of Johnson and violate the Fourteenth Amendment to the Unites States Constitution.

77.     That Defendants' policies, practices, procedures, customs, acts, and/or omissions placed Johnson at an unreasonable, continuing and foreseeable risk of developing and/or exacerbating his ailments, which was a substantial cause of his injuries, including severing of his penis.

78.     That as a proximate result of Defendants' unconstitutional policies, practices, procedures, customs, acts, and/or omissions, Johnson unnecessarily suffered physical, psychological,

and emotional injury, and eventually severed his penis. Clearly he can no longer have children and endured the pain and suffering of several surgeries to correct the severing of his penis.

## COUNT II - NEGLIGENCE

79.    Plaintiff realleges and incorporates herein by reference the allegations of the preceding paragraphs.

80.    That the Defendants were negligent at all times material hereto in that they, among other things, failed to properly monitor, observe, watch or have a staff person, doctor, or nurse present while Johnson was in his room in a psychotic mental state, hearing voices and having thoughts to harm himself. Defendants were further negligent by allowing a surgical scissors to be present Johnson's room or by leaving a surgical scissors in Johnson's room while he was in this psychotic mental state, wanting to self-harm himself. All Defendants were otherwise negligent in allowing Johnson to sever his penis.

81.    That the negligence of the Defendants was a direct and proximate cause of the injuries and damages Johnson suffered.

## COUNT III - CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF SECTION 6 OF THE STATE OF WISCONSIN CONSTITUTION

82.    Plaintiff realleges and incorporates herein by reference the allegations of the preceding paragraphs.

83.    The Defendants' policies, practices, procedures, customs, acts, and/or omissions evidence and constitute a deliberate indifference to Johnson's known propensity for self-harm in failing to monitor, observe or watch Johnson and leaving a dangerous medical instrument in his presence. Defendants' deliberate indifference was a substantial cause of Johnson's avoidable pain and the severing of his penis.

84.     The Defendants' policies, practices, procedures, customs, acts, and/or omissions placed Johnson at an unreasonable, continuing and foreseeable risk of harming himself, which eventually led to the severing of his penis.

85.     That as a proximate result of Defendants' unconstitutional policies, practices, procedures, customs, acts, and/or omissions, Johnson unnecessarily suffered physical, psychological and emotional injury, and eventually lost his penis.

## COUNT IV - MONELL LIABILITY
### A FAILURE TO TRAIN AND ADEQUATELY SUPERVISE

86.     Plaintiff realleges and incorporates herein by reference the allegations of the preceding paragraphs.

87.     That the Defendants failed to adequately train MCMH staff and employees at all times relevant to this complaint, on how to deal with patients, individuals who have done self-harm to oneself or threatened to do self-harm to oneself, on how to monitor, watch, observe, define schedules, administer and/or distribute medication to patients with these issues, how to document one-to-one observations and how the patient is acting, reacting to said treatment and how to protect individuals threatening self-harm from themselves.

88.     That the failure of the Defendants to adequately train and supervise MCMH employees, staff, nurses and doctors concerning several key issues such as: monitoring a mentally ill person threating self-harm, conducting of one-to-one observation of the patients threatening self-harm, and not having a policy to deal with one-to-one observations or having an adequate policy or not following said policy and allowing a surgical instrument to be in a patients room threating self-harm, and allowing for a patient to handle or find a surgical instrument, for which he could do self-harm to oneself demonstrate a deliberate indifference on the part of these Defendants as whether the

failure to adequately train and supervise its MHMC staff and employees would result in the violation of the Constitution, Civil and Statutory rights of Johnson.

89.     That the above mentioned failure to adequately train and supervise MCMH staff and employees was a direct and proximate cause of the violations of the Constitutional, Civil and Statutory rights of Johnson.

90.     That the above mentioned failure to adequately train and supervise MCMH staff employees and the acts and omissions of these Defendants was a direct and proximate cause of injuries and damagers and the eventual severing of his penis suffered by Johnson.

## VII.     DAMAGES

91.     Plaintiff realleges and incorporates herein by reference the allegations of the preceding paragraphs.

92.     That as a direct result of the unlawful acts of the Defendants, Johnson unnecessarily suffered serious emotional and psychological distress, pain and suffering, permanent physical and mental injury, loss of future enjoyment of life, loss of companionship with his family, and loss of the ability to have children or procreate; therefore Plaintiff is entitled to monetary damages in an amount to be determined fair and just by the Court.

## VIII.     CONDITIONS PRECEDENT

93.     Plaintiff realleges and incorporates herein by reference the allegations of the preceding paragraphs.

94.     All conditions precedent to this lawsuit within the meaning of Rule 9(c) of the Federal Rules of Civil Procedure have been performed or have otherwise occurred.

## IX.     PRAYER FOR RELIEF

95.     WHEREFORE, the Plaintiff respectfully requests a judgment awarding compensatory damages in an amount determined by the Jury, awarding punitive damages in an amount determined

fair and just by the Jury against the individually named Defendants, awarding the reasonable costs and expenses of this corrective action including a reasonable attorney's fee and their out-of-pocket expenses and granting Plaintiff such other and further relief as may be fair and just.

96.    That Milwaukee County is liable pursuant to Wis. Stat. §895.46 for payment of any judgment entered against the Defendants in this corrective action because said Defendants were acting within the scope of their employment when they committed the above-mentioned unconstitutional and negligent actions.

## X.    DEMAND FOR JURY TRIAL

97.    The plaintiff demands trial by jury.


Date at Wauwatosa, Wisconsin this 5th day of November, 2014.



Respectfully Submitted

**JUDGE LANG & KATERS, LLC.**
Attorneys for Plaintiff


/s/ David J. Lang
David J. Lang
State Bar No. 01001218
8112 West Bluemound Road, Suite 71
Wauwatosa, WI 53213
Telephone:  414.777.0778
Fax: 414.777.0776